UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL C. COURTOIS, | ) | 1:07-CV-00454 OWW JMD HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| | ) | |
| BILL LOCKYEAR, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

A.  **Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.     Failure to State a Discernable Claim**

Petitioner must state his claim with sufficient specificity.  *See* <u>Hendricks v. Vasquez</u> 908 F.2d at 491-92; <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1246-47 (9th Cir. 1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner raises four claims, of which Grounds Two and Three have failed to state a discernable claim.  Both claims lack any specificity as to the grounds for relief and fail to state supporting facts.

Ground Two states "Denial of U.S. Const rights to Fair and speedy trial–violation of statute of limitation."  For supporting facts Petitioner alleges," As I am crime victim of conspiracy they start fight over whether I can have fair and speedy trial: they are appointed public defenders: refuse to allow I fair and speedy trial.  So as to frame-up I in big act of deception as to hide frame up!  By corrupt and prejudice courts: old enemys [sic] etc."  The Court cannot discern a claim from the information provided.  Petitioner has failed to support his claims with sufficient facts.

In his third ground for relief, Petitioner alleges a violation of his constitutional right to "attorney of choice" but also writes "no-waiver."  For supporting facts, Petitioner merely states his contentions with no additional description or supporting facts.   Petitioner writes, "Intentional and unjustifiable interference with the right to obtain fia rand judicial review of the right of I jailed under false pretenses! And false and illegal confinement.  As liberty issue!  Right to attorney is protected by Federal Const. Law!  And fair and impartial appeal in federal courts."  It is not the duty of federal courts to try to second guess the meanings of statements and intentions of petitioners.  Rather the duty is upon the individual who asserts a denial of his constitutional rights to come forth with a statement of sufficient clarity and sufficient supporting facts to enable a court to understand his argument and to render a decision on the matter.

Furthermore, Petitioner's claims pertaining to Ground Two and Three are completely conclusory and unsupported by any evidence.  "Conclusory allegations which are not supported by a

statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir. 1994); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir. 1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.); Campbell v. Wood 18 F.3d 662, 679 (9th Cir. 1994), *citing* Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970) ("An evidentiary hearing is not required on allegations that are "conclusory and wholly devoid of specifics.'").

Moreover, Rule 4 of the Rules Governing Section 2254 Cases explicitly allows the district court to dismiss summarily a habeas petition when no claim for relief is stated. *See* O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990.)  Notice pleading is insufficient; the petitioner must state sufficient facts. See id. (*citing* Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977).

**C.     Failure to State a Federal Claim**

Petitioner fails to state a claim with respect to Grounds One and Four.  Ground One fails to state a cognizable claim as a federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue. Stone v. Powell, 428 U.S. 465, 494 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert denied*, 511 U.S. 1057 (1994).  The only inquiry this Court can make is whether Petitioner had a fair opportunity to litigate his claim, not whether Petitioner did litigate nor even whether the court correctly decided the claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also, Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under Stone was necessary).  In this case, there is no allegation by Petitioner that he was denied a fair opportunity to litigate his claim.  Pursuant to *Stone v. Powell*, Petitioner has failed to present a cognizable federal claim on this ground.

Petitioner's fourth ground for relief fails to state a cognizable claim.  Petitioner claims a violation of the Double Jeopardy Clause based on a previous mistrial.  For supporting facts, Petitioner alleges that, "trial court started and defense attorney withdrew on own motion.  District

attorney requested mistrial. Defendant objected and requested to continue pro-per[.] Judge declare[d] mistrial!" Retrying a criminal defendant is not barred by the Double Jeopardy Clause of the Fifth Amendment where a mistrial was granted out of manifest necessity. *See* Arizona v. Washington, 434 U.S. 497, 509 (1978); *see also* United States v. Hernandez-Guardado, 228 F.3d 1017, 1029 (9th Cir. 2000). A withdrawal of counsel may constitute manifest necessity. United States v. Williams, 717 F.2d 473, 475 (9th Cir. 1983). Therefore, Grounds One and Four of the petition must be dismissed.

### D.    Conclusion

The instant petition must be dismissed for the above-stated reasons. Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies. Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completely filled-out petition with cognizable federal claims clearly stated and with sufficient facts to support those claims) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be titled "First Amended Petition" and must reference the instant case number.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with leave to amend for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 IT IS SO ORDERED.

6 **Dated:   February 13, 2009**              /s/ John M. Dixon
                                              UNITED STATES MAGISTRATE JUDGE