UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL C. COURTOIS, | ) | 1:07-CV-00454 OWW JMD HC |
|         Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR FAILURE TO PROSECUTE |
| BILL LOCKYEAR, | ) | |
|         Respondent. | ) | |

Petitioner is a prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 13, 2009, the Magistrate Judge issued a Findings and Recommendation, recommending that the petition be dismiss with leave to amend for failure to state a cognizable claim. (Court. Doc. 9). On March 23, 2 009, the order served on Petitioner was returned by the United States Postal Service as undeliverable.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part, that:

> If mail directed to a Petitioner *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since Petitioner's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since March 22, 2007. The court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). While a dismissal for failure to state a claim is a dismissal on the merits and the Court has previously recommended that the case be dismissed with leave to amend for failure to state a cognizable claim, the Court finds that the public policy favoring disposition of cases on their merits (the fourth factor) is greatly outweighed by the factors in favor of dismissal discussed. *See Plaut v. Spendthrift Farm Inc.*, 514 U.S. 211, 228 (1995) (citing Fed. R. Civ. Pro. 41(b) and *United States v. Oppenheimer*, 242 U.S. 85, 87-88 (1916) for the proposition that a dismissal for statute fo limitations purposes is similar to a dismiss for failure to state a claim in that both are judgements on the merits). Furthermore, given the court's inability to communicate with Petitioner stemming from Petitioner's failure to keep the court apprised of his current address, no lesser sanction is feasible.

## RECOMMENDATION

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for Petitioner's failure to prosecute.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1  Within ten (10) court days (plus three days if served by mail) after being served with a copy, any
2  party may file written objections with the court and serve a copy on all parties.  Such a document
3  should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to
4  the objections shall be served and filed within ten (10) court days (plus three days if served by mail)
5  after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
6  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified
7  time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th
8  Cir. 1991).

10  IT IS SO ORDERED.
11  **Dated:    June 8, 2009**                          /s/ John M. Dixon
                                                      UNITED STATES MAGISTRATE JUDGE